Good morning, Your Honors. Muhammad Qazirni of King on behalf of the Plaintiff Appellant. May it please the Court. Your Honor, the central issue in front of this Court today is whether there was an abuse of discretion in denying a Rule 60b motion for leave to file a late amended complaint. And the real question is whether the Rule 60 motion should be construed liberally or not, which is an issue this Court has already previously addressed. The Ninth Circuit has previously found that cases should be decided on their merits and Rule 60b motions and excusable neglect motions should be afforded liberal construction and view for the benefit of seeing cases tried on their merits. Can I ask you just a few practical questions? Yes, Your Honor. I never practiced in the district court under the electronic case filing system. But do they alert you to constantly check the system? No, Your Honor. What happens is you get – Because I understand it. In your declaration, you said that your items that you're receiving from the court were automatically stored in your red basket. They were being automatically archived, Your Honor. Archived basket. Correct. So unlike a normal e-mail, it would pop up in your inbox as an unread e-mail. These e-mails were being automatically archived. So I did not have notice of the ruling from the court. But does the system sort of, when you sign up for the – to participate in the program – oh, I guess you're forced to do it nowadays. But do they alert you to keep on top of your e-mails and, you know, just check the dock periodically? To be quite frank, I'm sure they do in their fine print. My practice is usually to keep on top of the cases. I've never had this issue occur before. I do rely on the ECF system. I don't regularly check the docket on a weekly basis to see whether a court has made a decision or not on a pending case. I've had motions before the district court that haven't had decisions rendered for months and months at a time in excess of six months. So not having heard from a court for three months does not seem unusual, at least in my practice, and I think that's the norm for most people. As I understand it, the government, when this all happened, the government didn't oppose your motion to vacate. That's correct, Your Honor. When I found out about basically the fact that I had missed the deadline, I immediately reached out to Bozeman Council and expressed that I would be filing a motion and requested to find out if they would be opposing it or not. There was no opposition. In fact, I was informed that there would be no opposition. And I filed a declaration to that effect with the court in the Rule 60B motion under the penalty of perjury. Now, the district court said, well, that, even though it was, what, a month or a couple of weeks? Less than 30 days from the dismissal. A couple of weeks that the court said, well, the government may have suffered some prejudice. Right. The court took it upon itself to find the prejudice, even though the government did not. The government didn't oppose. I'm sorry, Your Honor? When the government didn't oppose. Correct. And it took a very narrow approach. And rather than looking at the case and allowing my client to have his case heard on the merits, they decided that the government was prejudiced or there may have been some prejudice. I think some was the key word there. And then also found my actions to have been unreasonable and put a lot of weight on that in making the determination that the Rule 60B motion should have been denied because the court held that it was unreasonable for me to not have checked the docket for three months, which, quite frankly, in this day and age and with the ECF filing system, I can tell you to date I don't still check the docket on a monthly basis. I do get my notices, and I haven't had any other issues. This case is unfortunate, but due to, I guess, my failure to see the e-mails, my client's case was tossed out. All right. Why don't you save me the time for the butter and let's hear the government. Will do, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, Leslie Gardner for the government. Every question in this case deals with whether an appellant should be excused for failing to follow the rules. Well, you didn't oppose his motion in district court. We did not oppose his motion. What prejudice did you suffer? I'm sorry? What prejudice did you suffer? There is, as the district court said, a slight danger of prejudice. What prejudice did you suffer? Answer my question. This is an employment case. It's very witness-intensive. It relies on witness memories. Did you have any witnesses in those three weeks? Any witnesses die? It was longer than three weeks, Your Honor. How long? It was a couple-month period that is added on. In that two-month period, how many witnesses passed away or became unavailable? There are no witnesses that passed away or became unavailable that I'm aware of. However, the proper review for this court is whether the district court abused its discretion in finding that there may be. What's the factual basis for her finding that you may have suffered some prejudice? The continued passage of time. It's not inconceivable that the court. What Ninth Circuit case says that the passage of time constitutes prejudice? I can't cite to a case that says exactly that, Your Honor. However, it's not inconceivable that the court saw that the passage of more time would. Inconceivable isn't the same as what actual prejudice she suffered. I mean, those are two different questions. It's inconceivable that by delaying a month, a week, a day, that there could be prejudice. But conceivable that somebody could die in that period or something could happen is different from Judge Parse's question. It's what actually happened. Was there actual prejudice? Your Honor, I cannot say that there was actual prejudice with the passage of time. However, the standard here is abuse of discretion. And the court was looking at the danger of prejudice as one of four factors, none of which are dispositive on their own. In fact, the court is required to consider all four factors, which it did in this case. Regardless of whether, Your Honors. I have one other question for you. Now, the district court said he acted unreasonably in not checking the docket. Yes. Did you have any reason to disbelieve his explanation? Well, Your Honor, this is the second time that he had presented that excuse to the court. But you didn't think of such – I guess I should frame this question a little bit differently. You apparently didn't think – you weren't inclined to immediately discredit his explanation because you didn't file an opposition. Is that right? I did not file an opposition. When he called and asked, I said I would not oppose. It was essentially a question between him and the court. He had missed the court's deadline. The court had the entire record before it, including the fact that he had presented this excuse in the past. He was on notice and the court was aware of it. The court – I can't remember now. I can't remember at the moment because I looked at all these documents the other day or so. But did she stay in her order that she didn't believe what he said? No, Your Honor. She did not say she did not believe what he said. She said it was unreasonable not to check the docket. She said it was unreasonable not to be monitoring his cases for that length of a time, presumably because he had already been on notice of this issue and had used this excuse in the past and been granted a great deal of leniency. Okay. That's probably the major factor in favor of the government's position, right? I believe so. That he had previously had this very same issue before this very same judge. Yes, Your Honor. And the court basically said, hey, like once, maybe twice, we're done. Yes, Your Honor. There are four factors, all of which the court considered as it's required to do, and the government does not believe that the court abused its discretion in denying his Rule 60B motion. The district court judge went through each one and accorded each one weight, accorded the prejudice factor lighter weight because the court did say slight danger of prejudice. The length of delay was also put in our favor. And the reason for the delay, that factor specifies. What was the delay? Three weeks? I'm sorry? Three weeks? It was more than two months after. Well, the district court judge had not set a time in her order, her original order when she granted your motion. She did not set a time. She had to, I think it was on December 6th, but she realized that she had not set a date for his third amended complaint, and so she issued an order saying it's due on the 16th. He doesn't go into court until sometime in about January 20th, I think it is. Yes, when the district court. So it's a total of, it's less than a month. When the district court denied, or excuse me, granted the motion to dismiss, it put the appellant on notice that failure to cure this and file the second amended complaint could result in dismissal of the case with prejudice. More than a month passed, and no second amended complaint was filed, and the district court issued an order saying we did not issue a deadline before. Here is a deadline. That came. That passed. The district court then issued an order, a final judgment in order, dismissing the case. The question was, it was a month after he was due to have filed a complaint that he made the motion. Approximately, yes, Your Honor. And did the district court find that it was any hardship on the court, any interference with the disruption of its schedule? The Rule 60B order issued by the court did not address a specific hardship to the court. No, it did not. Basically, the reason was that it was displeased with counsel for not following the docket or whatever it is that the system works. I'm not a computer person, to put it mildly. But that was the real problem, that he didn't keep up with the system. Based on the court's order, it appears that that is the factor that weighed most heavily to the court, and that factor includes not just the reason for delay, but including whether it was in the reasonable control of the movement. And this court has said as well that these decisions should be entrusted to the district court because they are in a better position to evaluate factors such as whether the lawyer had otherwise been diligent. This court said that in Pinkei. You know, let me just say one thing. I understand your argument, and I understand the district court, what the district court was doing. But, you know, the practice of law has gotten so difficult and so demanding. The district court judges issue these very strict filing orders that govern the way in which they conduct their business, and that's fine and good. But what she's basically doing is telling counsel, and you too, the government too, everybody, you've got to monitor the docket constantly. You know, it's just gotten out of hand as far as I'm concerned. I'm glad I'm not practicing law these days. I understand, Your Honor, and even if Your Honors might have reached a different conclusion, this is an abuse of discretion. We haven't reached any conclusion yet. I'm sorry. I said even if you might have in this situation, it's an abuse of discretion standard, and the question before the court is whether the court abused its discussion, and that is did she apply the correct legal rule, and everyone before this court agrees. I think you did a good job both times. I think you did a good job when you decided not to object to this, and I think you're doing a good job defending the district court. Let me ask you this one thing. The counsel has just indicated that to this day he doesn't check his computer or whatever. Were there to be another case, same problem, would it change the circumstances if the court were aware of that since he is intentionally, apparently, knowingly fails to check what is required to be sure there's not a problem? I think that would be well within the court's discretion to consider, particularly since the factor plainly states whether it's in the reasonable control of the movement, and there is absolutely nothing preventing any lawyer from logging on to PACER at various intervals. Was there any discussion before the court on the 60B motion in which counsel expressly said, I don't look then, I'm not looking now, I'm not going to look in the future, that sort of thing? There was no discussion like that, Your Honor, however. There was no hearing? There was no hearing, no. Okay. In his declaration he did say, the first time I looked was January 9th, and presumably that implies he had not looked. So there was nothing before the district judge in writing, and certainly not orally apparently, that would have suggested that his practice of not looking was an ongoing issue? That he was planning to continue that practice? That, I don't believe, was before the court. Let me just ask you, because as I said, I'm not particularly an expert or familiar with the computer practice these days. Is it not enough if you're signed up for this program and you get it on your computer, you get the notices automatically? Is it not enough to rely on that? This case shows you, Your Honor, that it's not. People have problems with their e-mail and with their computers all the time. It's not unreasonable to expect attorneys to occasionally, maybe not every week. Does the court also make mistakes occasionally? Yes, Your Honor, I believe that courts do occasionally make mistakes. What kind of sanctions should we impose on a district judge who would make this kind of mistake? I'm sorry. Well, I was thinking of a case we have now where the court sent back a letter it shouldn't have sent back, which affected someone's rights. How harsh should the court be with itself for doing what could happen to a lawyer or be that harsh with his client? Well, in this case, Your Honor, as we've discussed, he was on notice of this issue and had already been given a second chance when he missed the deadline earlier in the progress of this litigation for this very reason. And at that point, the court's order denying the Rule 60B motion does not address the fact that he had already been given an extension based on this same excuse. However, that was in the record before the court in considering the Rule 60B. But the court didn't rely on that. It would require me to speculate, but I would presume that it did considering it placed the greatest weight on the reason for the delay and the appellant's failure to monitor his docket. Well, as I said, you're doing a good job of defending the court's unreasonable action. Thank you. Thank you, Your Honor. If there's nothing further, I'll submit. Could you tell us about the prior incident? Yes, Your Honor. As I addressed in my declaration to the court on this Rule 60B motion, the first time the e-mails were archived, I was not aware that they were being archived automatically. In fact, when I filed it, I made clear in the declaration that I was under the impression that I must have inadvertently archived the initial e-mail that came in. Later on, I came to find out that they were being all automatically archived. In fact, I wasn't getting any notices relating to this case, including the substitution of attorney by defense counsel in the case. And I addressed that with the court. The court did find that I did act in good faith. If the court thought I was remiss and was not participating in the case, I'm sure it would have been indicated in the court's decision. And just to clarify, this case was dismissed on December 20th. I filed my motion on January 10th. It was less than a month. The real issue is, as I stated earlier, I don't believe it's reasonable that in this day and age, with the ECF system, that attorneys should be expected to check the docket on a weekly basis, monthly basis, and what have you, especially given the time that it takes for courts to issue orders and the reliance on the e-mail system that we have. Counsel, I am computer literate, and I strongly recommend you change your practices because you're going to be in big trouble if you keep doing this stuff. You have got to check. You've got to check all the time. That's the nature of the system we deal with now. You can't just rely on, well, my computer did it. It's like the dog ate your homework. It's not going to work. Whether it will in this case, I don't know. Don't do it anymore. You're going to be in trouble. I appreciate that, and I will change the practice. And to be clear, I did check the docket on January 9th because it had been, you know, three months since I'd heard from anybody on the case. I guess the point that I was trying to make is, ultimately, when you're weighing the factors that the court did weigh, the court was weighing them very narrowly in favor of dismissing this case to the point where they found prejudice where none really existed. Defense counsel had an opportunity, the government attorney had an opportunity to raise issues that they felt they were being prejudiced in this case. The only party that's prejudiced in this case is my client due to my mistake. I didn't see the e-mails, and I don't think he should be punished. I think the court has already decided that these cases should be tried on their merits, and I think my client should have his day in court. Thank you, counsel. Thank you, Your Honor. The case is there. It will be submitted.
judges: Reinhardt, Paez, M. Smith